**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIE HARRIS,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security
Administration,

Defendant-Appellee.

No.   15-17360

D.C. No. 2:14-cv-00971-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted February 9, 2017 [**]

Before: NELSON, TROTT, and OWENS, Circuit Judges.

Julie Harris appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Harris's application for disability

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Harris alleged disability due to fibromyalgia, anxiety, and depression. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear and convincing reasons for finding that Harris's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. First, the ALJ properly found that Harris's statement that she was only able to walk twenty minutes before having to rest, was contradicted by the medical evidence where no physician concluded that Harris had limitations consistent with disability, and examining physician Dr. John Simmonds concluded that Harris could walk or stand for six hours per day. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ may consider a lack of medical evidence supporting claimant's allegations, but this factor cannot form the only basis for discounting subjective symptom testimony).

Second, the ALJ properly found that Harris's statement that she used a computer to play games on a daily basis was inconsistent with her claim that her impairments limited her ability to use a computer. *Chaudhry v. Astrue*, 688 F.3d

661, 672 (9th Cir. 2012) (holding that when weighing credibility, an ALJ may consider a claimant's daily activities).

Third, the ALJ properly found a specific inconsistency in testimony when at Harris's hearing she stated that she did not use cocaine, but during her psychiatric evaluation Harris self-reported cocaine use and addiction. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that claimant's inconsistent statements about drug usage properly diminished her credibility).

Accordingly, the ALJ provided specific, clear and convincing reasons in finding that Harris was not entirely credible, and thus did not err in concluding that Harris was not disabled within the meaning of the Social Security Act.

**AFFIRMED**.